IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT J. RUARK,**

     **Petitioner,**

     **v.**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

     **Respondent.**

     **CASE NO. 2:12-CV-934**
     **JUDGE EDMUND A. SARGUS, JR.**
     **MAGISTRATE JUDGE ABEL**

## <u>OPINION AND ORDER</u>

On May 29, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation.* Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, Doc. No. 14, is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as failing to provide a basis for federal habeas corpus relief, or as procedurally defaulted. He argues that he is the victim of a manifest injustice, and that the Court therefore should consider his claims for relief. *Objection*, Doc. No. 14, PageID# 1810.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup [v. Delo]*, 513 U.S. [298,] 316, 115 S.Ct. 851, 130 L.Ed.2d 808 [1995]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result

1

of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir.2005). Petitioner has failed to meet this standard here.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim one, in which he asserts that he was convicted in violation of the Confrontation Clause because the trial court limited his cross examination of prosecution witness Aaron Beckhon and because the prosecution had a "conflict of interest." *Petition*, Doc. No. 1, PageID# 5. By "conflict of interest," Petitioner argues that the State intentionally delayed its prosecution of Aaron Beckhon until after the conclusion of Petitioner's criminal case. *Brief* in support of habeas corpus petition, Doc. No. 3, PageID# 28. The Magistrate Judge recommended dismissal of the former claim based on Petitioner's failure to object at trial, and of the latter off-the-record claim based on Petitioner's failure to raise the claim in post conviction proceedings. The record reflects no basis for relief on these claims.

Petitioner complains that the Magistrate Judge recommended dismissal of his claim regarding his dissatisfaction with defense counsel as procedurally defaulted. *Objection*, Doc. No. 14, PageID# 1809. The Magistrate Judge, however, recommended dismissal of this claim on

2

the merits, and not as procedurally defaulted, *Report and Recommendation,* Doc. No. 12, PageID# 1791, and this Court agrees with the conclusion of the Magistrate Judge, that the claim fails to provide a basis for relief.

Petitioner complains that the state courts misinterpreted his claims. He asserts that his claim regarding a conflict of interest includes the issue of trial counsel's alleged prior representation of prosecution witness Aaron Beckon (or, claim three of this habeas corpus petition). *Objection,* Doc. No. 14, PageID# 1809; *Return of Writ,* Doc. No. 12, PageID# 1791-92. As discussed by the Magistrate Judge, Petitioner never raised the issue in the state courts. *See Exhibits 1, 24 to Return of Writ.* Even assuming, *arguendo,* that Petitioner did so in his petition for post conviction relief, he nonetheless failed thereby to preserve the claim for federal habeas corpus review, as he never filed an appeal of the trial court's denial of his post conviction petition, and Ohio does not permit delayed appeals in post conviction proceedings. *See* Ohio Rule of Appellate Procedure 5(A); *State v. Nichols,* 11 Ohio St.3d 40 (1984)(holding that "a delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a post-conviction relief determination ... [and] that post-conviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions.") Although Petitioner does briefly refer to the issue in his appeal to the Ohio Supreme Court, *see Exhibit 21 to Return of Writ, Proposition of Law Number Three,* PageID# 281, he failed to make any arguments regarding the claim. *See Exhibit 21 to Return of Writ,* PageID# 293-296. Moreover, even if he had, he would not thereby have preserved the claim for federal habeas corpus review, as the Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below. *See Darks v. Brunsman,* 2008 WL 5233470, at *2 (S.D. Ohio Dec. 11, 2008)(citing *Mitts v. Bagley,* 2005 WL

2416929 (N.D. Ohio Sept. 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio)(internal citations omitted).

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim that the trial court improperly failed to inquire of him regarding his expression of dissatisfaction with trial counsel. He argues that he sufficiently alerted the trial court of his request for new counsel, but that the issue remained unresolved. *Objection*, Doc. No. 14, PageID# 1813. For the reasons already addressed in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded by that argument.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection*, Doc. No. 14, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

6-10-2014

EDMUND A. SARGUS, JR.
United States District Judge